**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CorVel Enterprise Claims, Inc.,<br>Plaintiff(s),<br>vs.<br>Automation in Foundries S.L., et al.,<br>Defendant(s). | 2:26-cv-00661-MDC<br>**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE (ECF No. 13)** |

Plaintiff filed a *Motion to Extend Time for Service.* ("Motion"). *ECF No. 13*. The Court **GRANTS** the Motion.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.] The Federal Rules of Civil Procedure provide for service within the United States and authorize extensions of time for good cause. See, e.g., Fed. R. Civ. P. 4(m). Rule 4(m) does not apply to service of a foreign defendant in a foreign country. Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"). The time for service on a foreign defendant, however, is not limitless. See *Yiwu Jieya E-Com. Co. v. Liang Xu*, No. 2:25-cv-01595-LK, 2026 U.S. Dist. LEXIS 127478, at *2 (W.D. Wash. June 9, 2026)(collecting cases noting that while the Ninth Circuit has not directly addressed this issue, other circuits have held that plaintiffs must exercise reasonable diligence in attempting service to avoid dismissal under Rule 4(f)).

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating

defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II. ANALYSIS

Plaintiff seeks additional time to serve the sole defendant Automation in Foundries S.L. *ECF No. 13 at 5.* Plaintiff represents that defendant is a Spanish limited liability company with its principal place of business in Barcelona, Spain. *Id. at 6*. Plaintiff states that it has attempted to identify a location or agent for defendant in the United States through emails, telephone calls, and an investigation by a private investigator, but has been unable to locate a United States office or address for defendant. *Id. at 10-12*. Plaintiff has also retained a process server to effect service through the Hague Convention and provided the required translated documents, which have been submitted to Spain's Ministry of Justice, but remain in process. *Id. at 13-14*. Plaintiff seeks an extension of time to complete service. *Id. at 15*. The Court finds that plaintiff has been diligent in its efforts to serve defendant because plaintiff (1) has attempted to locate the defendant in the United States and (2) has submitted documentation pursuant to the Hague Procedures to serve the defendant in Spain. Considering plaintiff's efforts, it appears that eventual service is likely. The Court has broad discretion to permit an extension under Rule 4 and grants plaintiff such extension. The plaintiff has shown good cause for an extension.

//

//

//

**IT IS ORDERED that:**

1. Plaintiff CorVel Enterprise Claims, Inc's *Motion to Extend Time for Service* (ECF No. 13) is **GRANTED.**
2. Plaintiff has until **November 16, 2026** to serve defendant Automation in Foundries S.L

DATED: August 18, 2026.

IT IS SO ORDERED.

__________________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge